**NOT FOR PUBLICATION**



# FILED

MAR 22 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

## UNITED STATES COURT OF APPEALS

## FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re:  DANILO ISAAC REAL; LAUREL BLYTHE BRAUER,<br><br>Debtors,<br><br>------------------------------<br><br>DANILO ISAAC REAL; LAUREL BLYTHE BRAUER,<br><br>Appellants,<br><br>v.<br><br>JP MORGAN CHASE BANK NA,<br><br>Appellee. | No.    17-60060<br><br>BAP No. 16-1397<br><br>MEMORANDUM[*] |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Kurtz, Taylor, and Faris, Bankruptcy Judges, Presiding

Argued and Submitted March 8, 2019
Pasadena, California

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: SCHROEDER and OWENS, Circuit Judges, and CHRISTENSEN,[**] Chief District Judge.

Appellants-Debtors Danilo Real and Laurel Brauer ("Debtors") appeal the Bankruptcy Appellate Panel's ("BAP") order affirming the Bankruptcy Court's decision to dismiss Debtors' Chapter 11 bankruptcy case. We affirm.

The BAP correctly held that Appellee JP Morgan Chase Bank, N.A. ("Chase") had adequately demonstrated standing to file the motion to dismiss and affirmed the Bankruptcy Court's finding that the case was filed in bad faith. Debtors violated the Chapter 11 rule against modifying a creditor's claim secured by the debtor's principal residence. *See* 11 U.S.C. § 1123(b)(5). Debtors had admitted to modifying Chase's claim by renting their principal residence to eliminate some of the indebtedness on the property, or "lien strip." Debtors had also provided conflicting testimony as to when they moved out of the property, and were unsure of whether the move was before or after the filing of their Chapter 11 petition. The BAP explained that the timing of the move was critical to the finding of bad faith:

> . . . the bankruptcy court properly recognized that the timing of the move was central: if Debtors moved postpetition (and the Property was thus their principal residence on the petition date), the Code's

[**] The Honorable Dana L. Christensen, Chief United States District Judge for the District of Montana, sitting by designation.

> anti-modification section would prohibit them from modifying
> Chase's secured claim . . .

Debtors never established that they moved out before the petition was filed. Therefore, the Bankruptcy Court's finding was not clearly erroneous.

Debtors first argue the BAP erred because Chase is not a successor in interest and therefore did not have standing to file the motion to dismiss. *See Hughes v. Tower Park Properties, LLC (In re Tower Park Properties, LLC)*, 803 F.3d 450, 456 (9th Cir. 2015). Chase's attorney had represented at the § 341(a) hearing in August 2016 that he was unsure whether Chase actually held the note. Chase, however, attached a copy of the property assignment to its motion to dismiss, which it filed two months *after* the § 341(a) hearing in August 2016. Accordingly, any doubts on the part of Chase's attorney as to whether Chase held the note were cured by the assignment and declarations submitted with Chase's subsequently filed motion to dismiss in October 2016.

Debtors also argue their conduct could not amount to bad faith because they were exercising their contractual rights under the mortgage. They cite to a mortgage provision that permits rental after one year. As the BAP noted, however, the Bankruptcy Court did not decide any issue as to whether Debtors violated the terms of their mortgage. The issue was whether Debtors violated § 1123(b)(5) of

3

the Bankruptcy Code, which prohibits modifying Chase's claim that was secured

by their principal residence.  The BAP found Debtors violated that provision.

**AFFIRMED**.